ANTONIA QUIÑONES DE QUIÑONES, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 775. Submitted June 24, 1929.—Decided June 28, 1929.

752

[redacted]

*M. H. Ramírez Bages* for the appellant. [redacted]

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A certain urban property was allotted to Jorge V. Domínguez and to another heir at a valuation of $19,299.68. Of this amount $18,066.68 represented the hereditary portion of these two distributees and the remainder of $1,233 was to cover certain outstanding claims against the estate which were to be paid by the said distributees. Upon recording the deed in the registry of property, mention was made of this obligation. Later Antonia Quiñones acquired the property and requested that the reference to this obligation be cancelled upon the record. This request was refused by the registrar upon the ground that the obligation to pay outstanding claims against the estate was a lien upon the land the mention of which in the registry of property could not be cancelled for twenty years or until such claim be paid. The request for cancellation was made more than five years after record of the deed to Domínguez and the co-heir.

Paragraph (*a*) of section 1 of Act number twelve of 1923, as amended in 1924, session laws 108, authorizes the cancellation of references to mortgages or deferred payments when constituting a part of the purchase price to real property after a period of twenty years unless the right referred to be recorded within one year from August 29, 1923. The same section further provides that ''on written request of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions or rights for the payment of money as do not refer to the deferred payment of the pur-

chase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed.''

In the instant case the right referred to was not a mortgage nor a deferred payment nor a part of the purchase price. The registrar assumes apparently that no term was fixed for the payment of the outstanding obligations and that the deed of partition did not in so many words create a lien upon the property. His contention is that a charge or lien upon the land resulted as a matter of law from the condition annexed to the allotment. It may be conceded that the position so taken is tenable. Nevertheless the lien was never formally recorded but merely mentioned upon recording the deed as evidence of the transfer of title to the distributees, predecessors in interest of Mrs. Quiñones. The purpose of the law was to enable the owners of real property to obtain the cancellation of bare references to such unrecorded charges and liens without the trouble and annoyance of procuring from the interested parties a formal cancellation and discharge executed before a notary public.

There is nothing to show that a copy of the deed of partition was in fact presented to the registrar but the refusal to cancel the mention in question is not based upon this omission.

The ruling appealed from must be reversed.